DAVIS, Judge.
 

 Tamara D. Taylor challenges the trial court’s dismissal with prejudice of her amended complaint filed against Morrison Homes, Inc., in which she alleged violations of the Interstate Land Sales Full Disclosure Act (ILSA).
 
 [1]
 
 The trial court based its ruling on its conclusion that Morrison Homes was exempt from ILSA’s registration and disclosure requirements. However, because we conclude that, based on the language of the parties’ contract, Morrison Homes does not enjoy such an
 
 *225
 
 exemption, we must reverse and remand for further proceedings.
 

 The underlying suit arose after Taylor contracted with Morrison Homes to purchase a home. Seeking rescission of that contract, Taylor alleged in her amended complaint that Morrison Homes had violated certain reporting and registration provisions of ILSA. Morrison Homes moved to dismiss the complaint, however, claiming that it was exempt from ILSA based on the provision in its contract with Taylor obligating it to complete construction within two years.
 
 See
 
 15 U.S.C. § 1702(a)(2) (providing that ILSA shall not apply to “the sale ... of land under a contract obligating the seller or lessor to erect ... a building thereon within a period of two years”). The trial court agreed with Morrison Homes and dismissed Taylor’s complaint with prejudice.
 

 Taylor argued below, and argues on appeal, that Morrison Homes may not avail itself of the statute’s two-year-completion exemption because its obligation to complete her home within two years was illusory. Specifically, she maintains that the exemption does not apply because the language in the parties’ agreement does not impose an unrestricted obligation on Morrison Homes to meet the two-year deadline.
 

 The parties’ contract specifically provides as follows:
 

 At any time
 
 during the pendency of this Contract and prior to Closing, and
 
 for any reason whatsoever or no reason,
 
 [Morrison Homes] may elect to terminate this Contract by providing written notice of such termination to [Taylor], together with a full refund of [Taylor’s] Earnest Money Deposit and payment of the sum of [$500.00] as a termination fee and/or liquidated damages, and both parties shall be relieved of any further obligation and liability. This clause shall not be deemed mutual and by signing the Contract, [Taylor] hereby acknowledges, agrees, [and] understands the right of [Morrison Homes] granted by this provision, and agrees that this liquidated damage amount is reasonable and that the ascertainment of any actual damage would be difficult or impossible.
 

 (Emphasis added.)
 

 Taylor maintains that Morrison Homes’ right to terminate the contract at any time and for any reason rendered its two-year-completion obligation illusory. Morrison Homes responds by arguing that the above-quoted contract provision “simply affords one remedy. There is, however, no limitation on remedies.” To support this argument, Morrison Homes points out that the contract also contains the following clause: “If Seller fails to deliver the house within two years from the date of this Agreement, Purchaser shall have all remedies at law and equity.”
 

 In considering whether a builder can claim ILSA exemption based on a contractual obligation to complete the project within two years, the Florida Supreme Court has determined “that in order for the developer to be ‘obligated’ to complete the building within two years, the obligation must be unrestricted and the contract must not limit the purchaser’s right to seek specific performance or damages.”
 
 Samara Dev. Corp. v. Marlow,
 
 556 So.2d 1097, 1100 (Fla.1990). “[Without the availability of at least
 
 both specific performance and damages,
 
 the obligation to complete the construction within two years is illusory.”
 
 Id.
 
 at 1101 (emphasis added).
 

 Although the clause upon which Morrison Homes relies does state that Taylor’s remedies would not be restricted should Morrison Homes fail to complete the contract within two years, the broader liquidated damages clause applies to the
 
 *226
 
 entire contract and allows the builder to walk away at any time for any cause. These conflicting provisions afford Morrison Homes the opportunity to avoid its two-year obligation by seeking rescission “for any reason whatsoever or for no reason.” In such instance, Taylor would not be able to seek specific performance. Instead, her remedy would be restricted to a refund of her earnest money deposit plus $500 in liquidated damages. This limitation on Taylor’s right to seek specific performance, pursuant to
 
 Samara,
 
 renders Morrison Homes’ two-year-completion obligation illusory. As such, Morrison Homes is not entitled to the ILSA exemption, and we must reverse the trial court’s final summary judgment and remand this case for further proceedings.
 
 [2]
 

 Reversed and remanded.
 

 KHOUZAM and CRENSHAW, JJ., Concur.
 

 [1]
 

 .
 
 See
 
 15 U.S.C. §§ 1701-20.
 

 [2]
 

 . We note without further comment that we find no merit to Taylor’s argument on appeal that certain force majeure language in the parties’ contract nullifies Morrison Homes’ ILSA exemption.